WILLIAM B. WAHLHEIM (*Pro Hac Vice anticipated*)
THOMAS J. BUTLER (*Pro Hac Vice anticipated*)
MAYNARD, COOPER AND GALE, P.C.
1901 6th Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Phone: (205) 254-1104
Fax: (205) 254-1999
E-mail:　　wwahlheim@maynardcooper.com
　　　　　tbutler@maynardcooper.com

LINDA B. OLIVER (SBN 166720)
loliver@maynardcooper.com
MAYNARD, COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 646-4700
Fax:　(205) 254-1999
E-mail:　　loliver@maynardcooper.com

CINDY M. RUCKER (SBN 272465)
MAYNARD, COOPER & GALE, LLP
1901 Avenue of the Stars, Floor 2
Los Angeles, CA 90067
Telephone: (323) 987-3356
Facsimile:　(205) 254-1999
E-mail: cmekari@maynardcooper.com

Attorneys for Defendant
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LORETTA BRUCE, | Case No. 2:17-cv-02201-MCE-KJN |
| Plaintiff, | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| vs. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | |
| Defendant. | |

# STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

THIS STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER is made between and among the parties to the above-captioned action on the date so indicated below.

WHEREAS, discovery, including but not limited to interrogatories, document requests, requests for admission and depositions, in the above-captioned action will involve the production of information that the producing parties assert is confidential, personal, sensitive, proprietary, trade secret, commercial, financial and/or business information;

WHEREAS, the parties agree to the terms herein, and to stipulate to the entry of an Order concerning confidential and otherwise sensitive business or proprietary information, and to facilitate the preservation of such confidential material, the parties agree to adhere to the terms herein regardless of whether the Court enters this Stipulated Confidentiality And Protective Order ("Order") as an order of the Court.

WHEREAS, the Parties agree that once documents are labeled as Confidential and filed under seal in compliance with Local Rule 141 with the court, the documents are proprietary information and if released would damage Defendant competitively in the marketplace.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

**1. Scope**

This Order includes in its scope any documents, electronically stored information, or other information produced, or disclosed in the above-captioned litigation ("Action"), whether pursuant to formal or informal discovery requests, correspondence, motions not filed with the court, by subpoena, or through testimony; including all documents and tangible things as defined in the Federal Rules of Civil Procedure, or any applicable local rules; and to all such information produced or

disclosed by non-parties to this Action pursuant to subpoena and/or deposition notice ("Litigation Material"). "Action" shall also include any litigation, action, proceeding or supplemental proceeding in any jurisdiction brought to enforce any judgment entered in this Action or any settlement agreement among or between any of the parties hereto.

**2. Use of Litigation Material**

All Litigation Material, disclosed or obtained by or from any person, whether or not a party, in response to any discovery method authorized or permitted by the <u>Federal Rules of Civil Procedure</u> or disclosed through the sealed filing of papers with the Court, shall be used for no purpose other than the prosecution and/or defense of this Action absent further Order of the Court. Nothing in this Order shall be construed to limit, condition or otherwise restrict in any way each Party's use of its own Confidential Information. Such disclosure by the producing Party shall not waive the protections of this Order and shall not entitle other parties, non-parties or their attorneys to use or disclose such information in violation of the Order.

**3. Confidential Information**

Each party or a non-party in its sole discretion may designate as "Confidential" under the terms of this Order any: (i) Litigation Material such party or non-party produces in this Action; or (ii) Litigation Material produced by any non-party consisting of information concerning one or more parties ("Confidential Information"). Litigation Material may be designated as "Confidential" before or after it has been produced or disclosed.

**4. Designation of Litigation Material as Confidential**

a. Litigation Materials containing Confidential Information shall be so designated by marking the respective pages of the document and where appropriate, the entire document, with the legend "CONFIDENTIAL – Document produced subject to Confidentiality Agreement or Stipulated Protective Order for use only in: ***"Loretta Bruce v. Hartford Life and Accident Insurance Company (USDC Eastern***

3
**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

*District of California, Sacramento (Case No. 2:17-cv-02201))"*. The confidential designation language will appear as a watermark diagonally across each applicable page. In the event a party produces Litigation Material that it deems to be Confidential Information without designating it as such, the producing party may, by written notice delivered to the receiving party, designate the information Confidential and upon receipt of such notice, every receiving party shall mark the Litigation Material with the confidential designation language and shall treat it thereafter as Confidential and subject to this Order.

      b.    Documents made available for inspection in response to a request for production need not be marked with the confidential designation language prior to inspection. However, the producing party following an inspection can mark those documents designated for copying that contain Confidential Information with the confidential designation language specified in subpart 4(a) above.

      c.    All portions of deposition transcripts shall be treated as Confidential Information if designated as such on the record by counsel for any party hereto, or by counsel for any non-party testifying pursuant to subpoena.

      d.    The Confidential Information designation shall apply to any copies or other reproductions, excerpts, summaries, abstracts or other documents that paraphrase, excerpt, or contain Confidential Information. Any such material shall also be clearly designated as containing Confidential Information and shall be subject to all other applicable protections and provisions of this Order.

**5.    Contesting Confidential Designation**

Any Party who contests the designation of any Litigation Material as Confidential shall provide written notice to opposing counsel of their objection within thirty (30) days of receipt or notice of designation of the Litigation Materials as Confidential, and the parties shall use their best efforts to resolve any objection informally. If the parties are unable to resolve their dispute, the Party who contests the designation of materials as Confidential can file an objection with the Court

within (45) days of receipt or notice of designation of the Litigation Materials as Confidential if written notice was provided within 30 days, and the matter shall be briefed according to local rules. In any challenge to the designation of the materials as Confidential, the burden of proof shall be on the Party seeking protection.

Designation of materials as Confidential shall not operate as an admission by any party receiving the materials that the information is or is not: (a) confidential; (b) privileged; (c) relevant; or (d) admissible in evidence at trial.

**6. Access to Confidential Information**

Counsel for the parties shall be governed by the following restrictions in their use of the Confidential Information produced to them and as to the information derived therefrom:

a. Such Confidential Information may not be disclosed except as is necessary for the purpose of, and solely in connection with, litigating this case. For that purpose only, Counsel for the parties may disclose such information to the Court and its employees, court reporters, independent expert witnesses or potential expert witnesses retained by Counsel for the parties, and such other persons as may be agreed upon by the parties in the future, said agreement to be in writing signed by Counsel for all parties.

b. Before disclosure of Confidential Information to any person as permitted by the preceding paragraph (other than the Court and its employees), such person shall read a copy of this Stipulation and sign an Agreement To Respect Confidential Information attached hereto as Appendix "A" (the "Agreement"). Counsel for the parties shall maintain a copy of all Agreements signed by such persons and shall furnish copies to all other Counsel upon request. No Confidential Information shall be disclosed to any person who refuses or has failed to sign the Agreement. In the event any person who has signed an Agreement refuses to comply therewith or fails to adhere to the terms thereof, Counsel for the requesting party shall make no further

disclosure to such person and shall immediately notify Counsel for the producing party in writing.

    c. Confidential Information may be copies and summaries, digests or abstracts may be made, but all such copies, digests, abstracts and summaries shall be considered Confidential and shall be subject to the provisions of this Stipulation.

**7. Use of Confidential Information at Hearings, Trial, and Depositions**

Confidential Information may be referred to in documents filed with the Court such as briefs, memoranda, or other submissions, or made exhibits to documents filed with the Court or at trial, provided that any such briefs, memoranda, exhibits or submissions incorporating or referencing such Confidential Information, shall bear the statement "Confidential - Document Subject to Stipulated Confidentiality Agreement and Protective Order" on the first page of the brief, memorandum, exhibit or submission. Any brief, memorandum, exhibit or submission being filed with the court shall be filed under seal and a sealing order must first be obtained in compliance with Local Rule 141. Any brief, memorandum, exhibit or submission being filed with the court shall also be endorsed with the case caption, the word "CONFIDENTIAL" and a statement substantially in the following form:

"This is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party or non-party] and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court or pursuant to stipulation of the parties to this action. Violation thereof may be regarded as contempt of Court."

In the event that any Confidential Information is used in any court proceeding prior to or at trial, it shall not lose its confidential status through such use.

**8. References in Open Court**

Confidential Information may be used by Counsel for the parties in connection with any hearing or trial.

6
**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

### 9. Notice of Unauthorized Disclosure

If Confidential Information is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the Party who improperly disclosed the information must immediately inform the producing party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the improperly disclosed information and prevent disclosure by each unauthorized person who received such information.

### 10. Response to Third-Party Discovery

In the event that any court requires the disclosure of Confidential Information, the party from whom disclosure is sought shall give immediate written notice to the parties that produced or designated the Litigation Material as Confidential to enable said party to take protective actions as it may deem necessary. In the event a party believes that disclosure is otherwise required by law, it shall give at least 30 days written notice to the parties that produced or designated the Litigation Material as Confidential prior to disclosure.

### 11. Return of Confidential Information

Within 30 days of the conclusion of this Action, the parties agree to return all Confidential Information (including electronically produced materials) and copies thereof to the producing party, or certify in writing that they have destroyed all Confidential Information (including electronically produced materials) and all copies thereof. The provisions of this Order restricting communication, treatment and use of Confidential Information, shall continue to be binding after the termination of this Action.

### 12. Legal Action and Remedies

Counsel for the requesting party acknowledges it may be subject to sanctions for breach of this Confidentiality Agreement and agrees to reimburse the producing party for all reasonable attorneys' fees and costs incurred as a result of a successful action initiated by the producing party seeking sanctions for breach of this

Confidentiality Stipulation. Counsel for the requesting party also agrees to reimburse the producing party for all reasonable attorneys' fees and costs incurred as a result of any successful action initiated by the producing party to enforce this Confidentiality Stipulation. Nothing in this Confidentiality Stipulation limits the producing party's right to pursue other legal or equitable remedies available to it resulting from a breach of this Confidentiality Stipulation.

### 13. Purpose of Stipulation and Order

This Order is entered for the purposes of providing appropriate confidentiality protections and facilitating the production of documents and information without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of the Order nor any proceedings pursuant to this Order shall be deemed: (a) to have the effect of an admission or waiver by either party; or (b) to alter the confidentiality or non-confidentiality of any document or information; or (c) to alter any existing obligation of any party or the absence thereof.

### 14. Court Retains Jurisdiction

After the conclusion of this litigation, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to confidential information produced pursuant to this Order for the purpose of enforcement of this Order, including any appropriate sanctions for violations.

### 15. Non-termination of Order

This Order shall remain in effect for the duration of the Litigation unless terminated by stipulation executed by Counsel of record for the parties or by order of the Court. The provisions of this Order, insofar as they restrict the communication, treatment and use of Confidential Information, shall continue to be binding after the termination of this action unless the Court orders otherwise.

8
**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

**16. Modification Permitted**

Nothing in this Order shall prevent any Party from seeking modification of this Order.

**17. Non-waiver**

Nothing in this Order shall prevent any Party from objecting to discovery that the Party believes to be otherwise improper.

**18. Counterparts**

This Order may be executed in counterparts, each of which shall constitute one and the same agreement.

**STIPULATED AND AGREED BY:**

DATED: March 20, 2018     /s/ Cindy M. Rucker
Cindy M. Rucker
Linda B. Oliver
William B. Wahlheim, Jr.
Thomas J. Butler
*Attorneys for Defendant Hartford Life and Accident Insurance Company*

DATED: March 20, 2018     /s/ Robert Rosati
Robert Rosati
*Attorney for Plaintiff Loretta Bruce*

# ORDER

The parties' proposed stipulated protective order (ECF No. 12) is APPROVED and ADOPTED, with the following exceptions and clarifications:

1. The parties are not authorized to automatically file documents with the court under seal. The parties shall comply with the provisions of Local Rules 140 and 141 with respect to sealing or redaction requests. To the extent that the procedures outlined in the parties' proposed order conflict with Local Rules 140 and 141, the Local Rules shall govern.

2. Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

3. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

4. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

Dated: March 23, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

10
**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

# APPENDIX "A"

## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I have read and understand the Confidentiality Stipulation in the case of *Loretta Bruce v. Hartford Life and Accident Insurance Company* (Case No. 2:17-cv-02201) and pending in the USDC for the Eastern District of California, Sacramento, a copy of which Stipulation has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all the terms of the Confidentiality Stipulation and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as set forth in the Confidentiality Stipulation. I further agree and attest to my understanding that breach of this Agreement is directly actionable by the party which designated the Confidential Information which is disclosed, and that in the event I fail to abide by the terms of the Stipulation, I may be subject to sanctions.

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City    State    Zip

_____
Occupation or Business

11
**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**