UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA BRUCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HARTFORD LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | No. 2:17-cv-02201-MCE-KJN<br><br>**ORDER** |

Presently before the Court is Plaintiff Loretta Bruce's ("Plaintiff") motion for reconsideration (ECF No. 31) of the Magistrate Judge's order (ECF No. 30) denying in part several of her motions to compel discovery in this long-term disability action.[1] More specifically, the magistrate judge declined to compel discovery regarding <u>other</u> claims brought by <u>other</u> claimants that have previously been considered by Defendant Hartford Life Insurance Company ("Defendant") and the doctor who performed Plaintiff's Independent Medical Examination, Dr. Mark O. Bernhard. For the following reasons, that Motion is DENIED.[2]

---

[1] Plaintiff also subsequently filed a Motion to Modify the Scheduling Order to allow additional time to conduct the requested discovery.

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the pleadings in accordance with E.D. Local Rule 230(g).

1

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).[3]  Under this standard, the Court must accept the Magistrate Judge's decision unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. Of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993).

After holding a hearing on Plaintiff's Motions, the magistrate judge issued a written order stating:

> As the court noted at the hearing, large portions of plaintiff's requested discovery, especially concerning other claimants and claims that may have little similarity to the claim at issue here, essentially amount to a fishing expedition not permitted by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(b)(1); see also State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 403, 423 (2003) (holding that a punitive damages analysis should focus primarily on what the defendant did to the present plaintiff and not on alleged bad conduct towards others).

ECF No. 30 at 2 n.1.  Upon reviewing the record in its entirety, the Court finds that the Magistrate Judge's discovery ruling not clearly erroneous or contrary to law.  To the contrary, the Magistrate Judge's decision was absolutely correct and appropriate under both the circumstances and the law.  Plaintiff's Motion for Reconsideration (EFC No. 31) is consequently DENIED, and her Motion to Modify the Scheduling Order (ECF No. 35) is DENIED as moot.

IT IS SO ORDERED.

Dated:  December 30, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Similarly, under 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate judge's order is clearly erroneous or contrary to law."