UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA BRUCE,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | No. 2:17-cv-02201-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

In this action, Plaintiff Loretta Bruce ("Plaintiff") seeks redress under various California laws from Defendant Hartford Life and Accident Insurance Company ("Defendant") arising from Defendant's termination of Plaintiff's long-term disability ("LTD") benefits.[1] Presently before the Court are Defendant's Motion for Summary Adjudication and Plaintiff's Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56, as well as Defendant's Motion to File Sur-reply and Motion to Strike. The matter is fully briefed, and for the reasons outlined below Defendant's Motion for Summary Adjudication (ECF No. 47) is GRANTED, Plaintiff's Motion for Partial Summary Judgment (ECF No. 48) is DENIED, and Defendant's Motion to File Sur-reply (ECF No. 82) and Motion to Strike (ECF No. 63) are DENIED as moot.[2]

---

[1] This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND

Defendant issued Group Contract Number GLT-677969 (the "Policy") to Los Rios Community College District ("Los Rios"), effective July 1, 2010, for Los Rios employees. Pl.'s Compl., ECF No. 1 ¶ 7. Plaintiff, as a Los Rios employee, was a beneficiary of the Policy. Id. ¶¶ 6-8. On February 11, 2016, Plaintiff sustained an injury after falling at work. She subsequently underwent surgery for a meniscus tear, and she still experiences continuous pain and swelling in her knee. Id. ¶ 13. As a result, according to Plaintiff, she became disabled from her job as a Center Lead Pre-School Teacher.

In relevant part, the applicable Policy provides coverage for injuries in the event of disability, as follows:

> [D]uring the Elimination Period and for the next 24 month(s), as a result of injury or sickness, You are unable to perform with reasonable continuity the Essential Duties necessary to pursue Your occupation in the usual and customary way. After that, as a result of injury or sickness You are unable to engage with reasonable continuity in Any Occupation.

Id. ¶ 9 (emphasis added).

Accordingly, Plaintiff applied for LTD benefits ("Your Occupation" benefits) from Defendant in March 2016 after her employer determined she could no longer perform her occupation and could not be accommodated to do so. Id. ¶ 15. On April 27, 2016, Defendant granted Plaintiff's claim for Your Occupation benefits, effective for a two-year period retroactive to January 11, 2016, but also referred Plaintiff's claim to Defendant's special investigation unit ("SIU") for further investigation. Id. ¶ 16; Def.'s Mem. Supp. Summ. Adj., ECF No. 47 at 5:9-11.

Defendant thereafter conducted surveillance of Plaintiff, during which she was observed driving, pumping gas, running errands, carrying items weighing less than approximately twenty pounds, and standing and walking for about twenty to thirty minutes at a time, with sit-down breaks and/or driving in between. Pl.'s Compl. ¶ 19.

///

Plaintiff was also seen performing activities such as ascending and descending two or three steps, adjusting a hose, and sweeping. Id. ¶ 19.

One of Defendant's field investigators interviewed Plaintiff, and again her claim was referred to the SIU to clarify [Plaintiff's] current restrictions/limitations and her ability to perform her occupation. Id. ¶¶ 22-23. Defendant also conducted an occupational analysis and arranged for Plaintiff to attend an Independent Medical Evaluation ("IME"), which she did. Id. ¶¶ 24, 27-28. The attending doctor, Dr. Bernhard, concluded that Plaintiff was able to walk forty minutes at a time for a total of three hours per day, lift twenty pounds for five minutes continuously per hour, carry fifteen pounds up to five minutes per hour for a total of eight hours per day, and push and pull fifty pounds for ten minutes per hour for a total of eight hours per day. Id. ¶ 28.

On November 21, 2016, Defendant terminated Plaintiff's Your Occupation benefits by letter. Id. ¶ 31; Def.'s UMF, ECF No. 70-2 at 47:15-23. The letter set out Dr. Bernhard's conclusions from the IME and noted that, although Plaintiff's treating doctor, Dr. Coward, somewhat disagreed with Dr. Bernhard's conclusions, Dr. Coward did not believe they had any major differences of opinion. Def.'s UMF at 47:15-23. Therefore, Defendant concluded Plaintiff was able to perform the Essential Duties of her occupation. Id. Approximately six months later, with the assistance of counsel, Plaintiff appealed the termination of those benefits. Pl.'s Compl. ¶¶ 36, 38; Def.'s UMF at 47:24-27.

After receiving Plaintiff's appeal, Defendant requested an independent peer review of Plaintiff's medical file by Dr. Pietro Seni. Def.'s UMF at 50:16-18. Because Dr. Seni ultimately agreed with Dr. Coward on Plaintiff's restrictions and limitations, Defendant reversed its initial termination and reinstated Plaintiff's Your Occupation benefits. Id. at 50:18-51:6.

Thereafter, Defendant conducted an Employability Analysis Report ("EAR") using the restrictions and limitations determined by Dr. Seni and other relevant information. Id. at 51:28-52:3. Based on those results, by letter dated August 29, 2017, Defendant

prospectively terminated Plaintiff's future LTD benefits effective January 10, 2018, at which point Plaintiff had to meet the Policy's Any Occupation standard ("Any Occupation" benefits).  Id. at 71:21-72:5.  Defendant notified Plaintiff of the opportunity to appeal; however, Plaintiff, determining an appeal would be futile, initiated this action instead.  Id. at 71:21-72:5; Pl.'s Compl. ¶ 42.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment.  See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

Plaintiff brings three state causes of action: breach of contract; breach of implied covenant of good faith and fair dealing; and intentional infliction of emotional distress. Pl.'s Compl. at ¶¶ 43-63. Defendant moves for summary adjudication of the breach of contract claim as it relates to Your Occupation benefits, while Plaintiff moves for summary judgment on the breach of contract claim to the extent it challenges Defendant's denial of Any Occupation benefits. Both parties move for summary judgment as to Plaintiff's breach of implied covenant of good faith and fair dealing. Lastly, Defendant moves for summary adjudication of the intentional infliction of emotional distress claim.[3]

### A. Breach Of Contract

The standard elements of a claim for breach of contract are: "(1) the contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damage to the plaintiff therefrom." Abdelhamid v. Fire Ins. Exchange, 182 Cal. App. 4th 990, 999 (2010). However, in California disability insurance cases, the only damages obtainable for a breach of contract are the "sum or sums payable in the

---

[3] Additionally, Plaintiff seeks summary adjudication of Defendant's affirmative defenses. Pl.'s Mem. Supp. Part. Summ. J., ECF No. 48-1 at 19:4-20:16. Plaintiff argues that Defendant's first through thirteenth affirmative defenses do not qualify as affirmative defenses as they either attack the Plaintiff's prima facie case or are denials of allegations. However, as Defendant correctly points out, granting summary adjudication as to the affirmative defenses has little value as it would not prevent Defendant from contesting Plaintiff's prima facie case nor disproving the allegations. In fact, in light of this Memorandum and Order, only Plaintiff's breach of contract claim as to the Any Occupation benefits withstands summary adjudication; therefore, it is unclear to the Court at this point which affirmative defenses will be raised. Furthermore, Plaintiff has failed to show how she is prejudiced by the Defendant's assertion of these defenses, Plaintiff's objections are largely conclusory, and because the Plaintiff's explanations are mis-numbered and out of order, it is unclear to the Court which analysis applies to each affirmative defense. See Reiffer v. HGM Holdings LLC, No. 1:18-CV-1058-LJO-BAM, 2019 WL 1455325, at *2 (E.D. Cal. Apr. 2, 2019). Based on the foregoing reasons, Plaintiff's Motion for Summary Adjudication as to Defendant's affirmative defenses is DENIED.

6

manner and at the times as provided in the policy to the person entitled thereto." Cal. Ins. Code § 10111.

In this case, Plaintiff alleges that Defendant breached its contractual obligations under the Policy by: (1) terminating and failing to pay Your Occupation benefits; and (2) terminating and failing to pay Any Occupation benefits. Pl.'s Compl. ¶ 16. The Court addresses these theories of liability separately.[4]

### 1. Your Occupation Benefits

As indicated, Defendant moves for summary adjudication of the issue of whether there was a breach of contract with respect to Your Occupation benefits. At the outset, it is undisputed that Defendant has paid Plaintiff the full amount of Your Occupation benefits. Therefore, according to Defendant, Plaintiff cannot prove an essential element of her claim—that she suffered damages from the termination of those benefits. Def.'s Mem. Supp. Summ. Adj. at 12:26-13:12. Plaintiff argues, however, that she suffered damages in multiple additional ways: (1) by applying for early retirement; (2) by hiring counsel to litigate her internal appeal of the Defendant's denial of Your Occupation benefits; and (3) by the Defendant's failure to pay interest on the "delayed payment of

///

---

[4] As a preliminary matter, Plaintiff moves to strike Exhibits 16, 17, 19, 20, 37, 38, and 39, which are attached to the Dekshenieks Declaration (ECF No. 47), and requests judicial notice of various other documents (ECF No. 48-6; ECF No. 72-1).
First, this Court finds the documents in 16, 17, and 19 admissible under the business record exception in the Federal Rules of Evidence 803(6) because the documents were kept in the ordinary course of business as part of Plaintiff's claim file. Further, the documents in 20, 37, 38, and 39 are similarly admissible as business records. The fact that they contain "expert opinions" without Defendant having qualified the individuals as experts does not prevent them from admissibility. See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 170 (1988) ("[P]ortions of investigatory reports otherwise admissible . . . are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report."); Duarte Nursery, Inc. v. United States Army Corps of Engineers, No. 2:13-CV-02095-KJM-DB, 2017 WL 3453206, at *1-*2 (E.D. Cal. Aug. 11, 2017) (determining "[b]usiness records can include, among other things, 'condition[s], opinion[s], or diagnos[e]s'" and finding evidence admissible without requiring "qualif[ication] [of] the proponents of the records as experts . . .").
Second, the Court takes judicial notice of Exhibits 1(A) and (B) and Exhibit 6, attached to Pl.'s Mem. Supp. Part. Summ. J. However, as taking judicial notice of Exhibits 2-5, attached to Pl.'s Partial Mot. Summ. J, and Exhibits 1(A) and (B), attached to Pl.'s Reply Supp. Part. Summ. J., is unnecessary to determine the outcome of the present Motion, this Court declines to take judicial notice of those documents.

benefits." Pl.'s Compl. ¶ 48; Pl.'s Reply Supp. Part. Summ. J., ECF No. 72 at 8:15-28. Defendant has the better argument.

First, California Insurance Code § 10111 expressly provides, "[i]n . . . disability insurance, the only measure of liability and damage is the sum or sums payable in the manner and at the times as provided in the policy." Cal. Ins. Code § 10111. Therefore, damages from reduced future retirement benefits cannot serve as a basis for consequential damages because the only measure of damages allowed is the sum payable under the Policy—the total amount of unpaid Your Occupation benefits. It also follows then that Plaintiff's second argument, that mitigation costs arising from retaining counsel constitute damages, likewise fails. Although Plaintiff bases its argument on Howard v. American National Fire Ins. Co., that case does not support Plaintiff's assertion and is distinguishable because that court discussed attorney fees in relation to bad faith damages rather than attorney fees as a basis for a breach of contract cause of action. 187 Cal. App. 4th 498, 533 (2010) (stating "the trial court properly characterized the attorney fees as costs incurred to mitigate the damages caused by American's failure to defend, settle, and indemnify, and properly ordered reimbursement" in discussing bad faith damages); Pl.'s Opp'n, ECF No. 58 at 4:5-12. Plaintiff provides no further case support for its assertion that hiring counsel for an internal appeal constitutes damages for a breach of contract claim in this context.

Alternatively, Plaintiff argues both that § 10111.2 modifies § 10111 and that § 10111.2 contains a provision which allows mitigation damages to serve as "a remedy made available by 'any other law.'" Pl.'s Reply Supp. Part. Summ. J. at 8:15-28. These arguments are not well taken. Section 10111.2 provides for the payment of interest under circumstances not applicable here. As such, none of its provisions are relevant, and Plaintiff's arguments fail.

Third, Plaintiff argues she is entitled to interest based on Defendant's "delayed payment of benefits" under § 10111.2 and that interest qualifies as damages. Cal. Ins. Code § 10111.2; Pl.'s Reply Supp. Part. Summ. J. at 8:15-28. However, when a party

raises a new argument in a reply brief, that argument is improper because the opposing party is deprived of an opportunity to respond. Tovar v. United States Postal Service, 3 F.3d 1271, 1273 n.3 (9th Cir.1993); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996). Moreover, even assuming, arguendo, that Plaintiff's argument is procedurally proper, she is not entitled to recover interest for two reasons. First, § 10111 provides that "the only measure of liability and damage is the sum or sums payable in the manner and at the times as provided in the policy," and Plaintiff has failed to provide evidence that shows the Policy entitled her to anything beyond the total amount of unpaid Your Occupation benefits. Cal. Ins. Code § 10111. Second, Plaintiff has not shown how § 10111.2 is even applicable in this case, as Plaintiff has not argued, nor provided facts, that once Defendant had all the information it needed and determined liability existed, it failed to make payments to the insured within thirty calendar days as provided in the statute. In conclusion, Defendant has shown there is no dispute as to any material fact relating to the breach of contract claim based on Your Occupation benefits because Plaintiff cannot show damages. Defendant is thus entitled to judgment as a matter of law as to Plaintiff's entitlement to those benefits.

### 2. Any Occupation Benefits

Any Occupation is defined in the Policy as: "[a]n occupation in which You could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity." Pl.'s Compl. ¶ 9. In keeping with California contract law, the Policy's terms are to be interpreted "in context, with regard to [their] intended function in the policy" and in "their ordinary and popular sense, unless . . . a special meaning is given to them by usage." Argenal v. Reassure Am. Life Ins. Co., No. C 13-01947 CRB, 2014 WL 1678008, *1, *4 (N.D. Cal. Apr. 28, 2014); Klees v. Liberty Life Assur. Co. of Bos., 110 F. Supp. 3d 978, 984 (C.D. Cal. 2015).

Here, it is Plaintiff's burden to demonstrate an absence of issues of material fact as to whether she was unable to engage with reasonable continuity in an occupation in

which she could reasonably be expected to perform in light of her age, education, training, experience, station in life, and physical and mental capacity; and therefore, that she is entitled to summary adjudication as a matter of law. Pl.'s Mem. Supp. Part. Summ. J., ECF No. 48-1 at 17:3-19:1.

First, in support of her motion for summary adjudication, Plaintiff takes issue with the Defendant's interpretation of the "station in life" element in the Policy. Plaintiff contends that the jobs she could arguably perform are inconsistent with her station in life because the wages to be earned are less than those she previously earned. More specifically, she argues that the Defendant erred by using the median wage earned, rather than the entry-25% wage, when considering jobs because Plaintiff would likely not earn the median wage immediately. However, prior earnings is only one factor in determining station in life, and in analyzing Plaintiff's employability, Defendant did consider the relevant station in life factors—level of education, relevant experience/work history, and prior level of earnings. See Def.'s Opp'n at 18:11-28. For example, Plaintiff's highest level of education is three years of college, she has worked as a Center Lead Teacher for sixteen years, and she has experience supervising, using technology, and comparing/compiling data for records and reports. Dekshenkieks Decl., ECF No. 47-41, Ex. 39 at 254-56. These factors were all considered in determining jobs in accordance with Plaintiff's station in life. Therefore, in viewing the facts most favorably to the Defendant, no reasonable jury could find that the Plaintiff could not reasonably be expected to perform one of those jobs.[5]

Second, Plaintiff takes issue with Defendant's application of the "training" element in the Policy. In order to properly deny Any Occupation benefits, Plaintiff argues that the Policy requires her to be employable immediately, and, because she would need additional training to work in the jobs found, Defendant improperly denied the benefits.

---

[5] Plaintiff's additional reliance on Erreca v. Western States Life Ins. Co. is unpersuasive. 19 Cal. 2d 388 (1942). The jobs in this case—for example, comparing a customer service representative with a pre-school teacher—are not as inconsistent as comparing a lawyer required to work as a day laborer. Id. at 395.

10

This argument fails for two reasons. First, the Policy does not read as Plaintiff suggests. The Policy in this case defines "Any Occupation" as "an occupation in which You could reasonably be expected to perform satisfactorily" in light of all the relevant factors. Pl.'s Compl. ¶ 9. Therefore, the fact that a job may require some additional training is not necessarily determinative. Second, not only could Plaintiff have learned the clerical jobs in thirty to ninety days with little vocational training, Plaintiff herself admitted she was already qualified to work in such a position. Pl.'s Opp'n at 17:10-13; Bruce Decl., ECF No. 47-47 at 5:17-6:10. Given the foregoing, Plaintiff has failed to meet her burden of showing that the undisputed material facts mandate that judgment be entered in her favor on Any Occupation breach of contract claim.

In conclusion, Defendant's Motion for Summary Adjudication as to the First Cause of Action for breach of contract based on Your Occupation benefits is GRANTED, and Plaintiff's Motion for Partial Summary Judgment as to the First Cause of Action for breach of contract based on Any Occupation benefits is DENIED.

**B.    Breach Of Implied Covenant Of Good Faith And Fair Dealing**

The primary test for tort liability for the breach of the implied covenant of good faith and fair dealing is "whether the insurer withheld payment of an insured's claim unreasonably and in bad faith." Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1151 (1990); see Frommoethelydo v. Fire Ins. Exchange, 42 Cal. 3d 208, 214-215 (1986). If benefits are withheld by the insurer for proper cause, there can be no breach of the implied covenant. California Shoppers Inc. v. Royal Globe Ins. Co.,175 Cal. App. 3d 1, 55 (1985). Therefore, there are two requirements to establish a breach of the covenant: "(1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." Love, 221 Cal. App. 3d at 1151. However, "an insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability . . . is not liable in bad faith even though it might be liable for breach of contract." Bosetti v. United States Life Ins. Co. in City of New York,

175 Cal. App. 4th 1208, 1237 (2009).  "A genuine dispute exists only where the insurer's position is maintained in good faith and on reasonable grounds."  <u>Callahan v. Nw. Mut. Life Ins. Co.</u>, No. C-08-02956 RMW, 2010 WL 726955, *1, *6 (N.D. Cal. Feb. 26, 2010).

        Here, Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing by denying Plaintiff's Your Occupation and Any Occupation benefits, failing to reasonably investigate Plaintiff's claims, and through various other related theories.  Pl.'s Compl. ¶ 49-59; Pl.'s Mem. Supp. Part. Summ. J. at 8:6-19:1.  Both Plaintiff and Defendant filed cross-motions for summary adjudication as to this claim; however, because there was a genuine dispute as to coverage with regard to both Your Occupation and Any Occupation benefits, Defendant is entitled to judgment as a matter of law.

        **1.**    **Your Occupation Benefits**

        First, for reasons already discussed, Plaintiff has no viable breach of contract claim against Defendant.  Accordingly, her claim for breach of implied covenant of good faith and fair dealing also fails as a matter of law.  See <u>Behnke v. State Farm Gen. Ins. Co.</u>, 196 Cal. App. 4th 1443, 1470 (2011) (concluding that Plaintiff's bad faith claim failed as a matter of law because he had no viable breach of contract claim based on his failure to prove damages); <u>Waller v. Truck Ins. Exch., Inc.</u>, 11 Cal. 4th 1, 35-37 (1995), <u>as modified on denial of reh'g</u> (Oct. 26, 1995) ("Absent [a] contractual right . . . the implied covenant has nothing upon which to act as a supplement, and 'should not be endowed with an existence independent of its contractual underpinnings.'").

        Second, Plaintiff's bad faith claim fails for the additional reason that there was a genuine dispute regarding Plaintiff's insurance coverage.  See <u>Bosetti</u>, 175 Cal. App. 4th at 1237.  Defendant based its decisions to terminate Your Occupation benefits on multiple doctors' reports, investigations and interviews, surveillance, an occupational analysis, and other related information.  Def.'s Mem. Supp. Summ. Adj. at 3:20-9:22; Pl.'s UMF, ECF No. 48-2 at 14:58-94.  In fact, after receiving more information, Defendant granted Plaintiff's appeal of the termination of benefits and paid her Your

Occupation benefits.  See Shade Foods, Inc. v. Innovative Prod. Sales & Mktg., Inc., 78 Cal. App. 4th 847, 880 (2000), as modified on denial of reh'g (Mar. 29, 2000) ("The insurer's willingness to reconsider its denial of coverage and to continue an investigation into a claim has been held to weigh to favor of its good faith.").  In light of that investigation process, no reasonable jury could find that Defendant reached its determination to terminate benefits unreasonably and in bad faith.  See Starr-Gordon v. Massachusetts Mut. Life Ins. Co., No. CIV. S-03-68-LKK/GGH, 2006 WL 3218778, at *9-*14 (E.D. Cal. Nov. 7, 2006) (concluding an insurer's investigation based on medical reviews, surveillance, and claim forms was reasonable, and the termination of benefits based on medical records, surveillance, occupational description, and medical statements regarding limited limitations and restrictions was reasonable). Therefore, the genuine dispute doctrine precludes a finding of bad faith as to Your Occupation claim.

### 2. Any Occupation Benefits

Plaintiff's claim for breach of implied covenant of good faith and fair dealing as to Any Occupation benefits also fails since there was at least a genuine dispute as to Plaintiff's coverage.  Plaintiff argues Defendant acted unreasonably and in bad faith because it knew its EAR was "make believe" and instructed its employees to use make believe facts.  Pl.'s Opp'n at 13:2-6.  Plaintiff also argues that witnesses lied in their depositions, and that those untruths were both "coordinated and approved" by Defendant who failed to determine that: (1) Plaintiff's teaching credential was a license, (2) her job was not entry level, and (3) her job was skilled.  Pl.'s Opp'n at 14:9-15:15.  However, Plaintiff fails to cite to any evidence supporting these conclusions, including her assertions of alleged "false testimony."

Moreover, the pertinent inquiry is, again, whether the Defendant conducted its investigation reasonably and in good faith.  Here, no reasonable jury could conclude that there was no genuine dispute over Plaintiff's coverage where the Defendant organized an IME, obtained an independent medical review, performed an EAR, and performed a labor market survey in determining whether Plaintiff met the Policy's Any Occupation

definition.  See Callahan, 2010 WL 726955 at *7 (holding no reasonable jury could find that there was no genuine dispute over the insured's entitlement to disability where the insurer sought multiple medical opinions but did not conduct an IME).  Defendant's Motion for Summary Adjudication as to Plaintiff's Second Cause of Action is also GRANTED.[6]

### C. Intentional Infliction Of Emotional Distress

The elements of intentional infliction of emotional distress are: (1) outrageous conduct; (2) intentional or reckless disregard of the probability of causing emotional distress; (3) severe or extreme emotional distress; and (4) the outrageous conduct was the actual and proximate cause of the emotional distress.  Trerice v. Blue Cross of Cal., 209 Cal. App. 3d 878, 883 (1989).  Initially, the court determines if the alleged conduct is sufficiently extreme and outrageous to permit recovery.  Tollefson v. Roman Catholic Bishop of San Diego, 219 Cal. App. 3d 843 (1990).  In order to sufficiently prove a claim for intentional infliction of emotional distress, the defendant's conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Ricard v. Pacific Indemnity Co., 132 Cal. App. 3d 886, 895 (1982); Trerice, 209 Cal. App. 3d at 883, n.4; Cervantes v. J.C. Penney Co., Inc., 24 Cal. 3d 579, 593 (1979).  However, conduct that is objectively offensive and breaches societies' standards of decency still may not qualify as outrageous conduct.  Yurick v. Superior Court of Butte County (Antonetti), 209 Cal. App. 3d 1116, 1123 (1989).  On the spectrum of offensiveness, outrageous conduct is the most extreme or severe form of offensiveness, and anything less is without legal recourse.  Id. at 1128-1129.

Here, Defendant moves for summary adjudication arguing that Plaintiff cannot prove extreme or outrageous conduct.  This Court agrees.  Plaintiff specifically alleges that the Defendant conducted "systematic fraud" by: (1) training its employees to misinterpret Your Occupation standard in order to deny benefits; and (2) training its

---

[6] Because this Court finds Plaintiff's bad faith claim fails as a matter of law, Plaintiff's argument for punitive damages also fails.

14

vocational personnel to create vocational analyses which systematically misrepresent the facts and rely on "make believe facts."[7] Pl.'s Opp'n at 19:6-11. However, the facts on which the Plaintiff relies, as largely already discussed above, do not show conduct so outrageous that it exceeds all bounds of that tolerated in a civilized society. Id. Even with the facts taken in a light most favorable to the Plaintiff, no reasonable jury could find Defendant's actions constituted outrageous conduct. Moreover, the Plaintiff cites no analogous case law to show that conduct similar to the conduct at issue here has constituted extreme and outrageous conduct. Therefore, Defendant's Motion for Summary Adjudication as to Plaintiff's Third Cause of Action is GRANTED.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment (ECF No. 48-1) is DENIED, and Defendant's Motion for Summary Adjudication (ECF No. 47) is GRANTED. The Defendant's Motion to Strike Plaintiff's Separate Statement of Undisputed Facts (ECF No. 63) and Motion to File Sur-reply (ECF No. 82) are DENIED as MOOT. This case shall proceed on Plaintiff's remaining claim for breach of contract as to Any Occupation benefits.

IT IS SO ORDERED.

Dated: November 20, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[7] As the Court discussed above, Plaintiff's claim for breach of implied covenant of good faith and fair dealing fails as a matter of law; therefore, Plaintiff's argument that she can recover emotional distress damages arising from that breach without having to prove outrageous conduct also fails.

15